EL PUEBLO DE PUERTO RICO, demandante y apelado,
*v.* EUGENIO RUIZ, acusado y apelante.

No. 4787.—*Sometido:* Junio 16, 1932. *Resuelto:* Julio 29, 1932.

*González Fagundo & González Jr.,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El apelante alega que la corte de distrito cometió error al negarse a eliminar parte de la declaración de un inspector de sanidad local relativa a una licencia para vender leche y a una fianza prestada por el acusado. Este testigo manifestó que Eugenio Ruiz era dueño de cierto puesto de leche. A moción del acusado esta manifestación fué eliminada de los autos. La contención del acusado, sos-

tenida por el juez sentenciador, fué que debía presentarse la licencia. El testigo entonces manifestó que la licencia estaba pegada al puesto de leche; que había sido entregada al dueño del puesto y la única prueba en posesión del testigo aparecía en un talonario; y que no había ninguna otra copia de ella. En respuesta a algunas preguntas del letrado del acusado el testigo manifestó que él había expedido la licencia a Eugenio Ruiz al prestarse y aprobarse una fianza de $1,000, pero que entregó la licencia a Ramón Ruiz, que estaba a cargo del puesto, como representante de Eugenio Ruiz; y que Eugenio Ruiz no vivía en el pueblo y su representante allí, Ramón Ruiz, solicitó la licencia. El acusado entonces pidió la eliminación de este testimonio. La corte se negó a eliminar la declaración de que la licencia para el puesto había sido expedida a favor de Eugenio Ruiz. No hallamos que en esto se cometiera error.

■ En julio 16, 1931, Eugenio Ruiz prestó una declaración jurada al efecto de que Fernando García era uno de sus empleados. La leche adulterada fué econtrada en posesión de García el 11 de agosto. Cuando la declaración fué ofrecida en evidencia el acusado se opuso fundándose en que era inmaterial e impertinente. Se señala como error el haberse admitido la declaración jurada en evidencia. El inciso 31 de la sección 102 de la Ley de Evidencia dispone, como una de las presunciones controvertibles allí enumeradas, ''que una vez probada la existencia de una cosa, continúa ésta todo el tiempo que ordinariamente duran los casos (las cosas) de igual naturaleza.'' La continuación de las relaciones existentes entre un dueño de un puesto de leche y sus empleados del 16 de un mes al día 11 del siguiente no es algo inusitado. La declaración jurada no era inmaterial ni impertinente.

Otros señalamientos son al efecto de que la corte de distrito cometió error al declarar sin lugar una moción de *nonsuit* y al declarar convicto al acusado de tener a la venta leche adulterada para el consumo humano.

De la declaración jurada arriba mencionada aparece que el deponente se dedicaba "al negocio de leche para el consumo humano" y que sus "empleados y distribuidores" lo eran Ramón Ruiz y Fernando García. Éste llevaba tres botellas de leche de a cuartillo y una cantidad adicional en un frasco de aceitunas. El acusado se dedicaba al negocio de suministrar leche para el consumo humano. García estaba empleado como distribuidor de tal leche. La inferencia es que la leche hallada en su poder era para la venta y que se distribuía para el consumo humano. García mismo declaró como testigo del acusado que la leche era para la venta. Más específicamente, su manifestación fué que la leche era suya y que él la había comprado para revenderla. También declaró que él no era empleado de Ruiz en el momento en que se tomaron las muestras. García se declaró culpable como coacusado pero debido a su corta edad no se le impuso sentencia alguna. Su declaración como testigo del acusado fué en sí tan contradictoria y tan manifiestamente poco digna de crédito que no merecía seria consideración ni debilitó en forma alguna el caso prima facie establecido por El Pueblo.

*Debe confirmarse la sentencia apelada.*